The Honorable R.B. Shore Clerk of Circuit Court Manatee County Post Office Box 1000 Bradenton, Florida 34206
Dear Mr. Shore:
You ask substantially the following question:
How may the clerk's office pay the service fee charges imposed by a credit card company when a credit card is used to pay traffic citations, license fees, fines, court costs or other similar fees?
In sum:
Section 215.322(5), Florida Statutes, authorizes local governments to impose a surcharge in a sufficient amount to pay the service fee charges imposed by a card company or financial institution when a credit card or debit card is used by a person for the payment of taxes, fees, fines, penalties, court-ordered payments, court costs or other statutorily prescribed revenues.
Your question arises in light of service fee charges imposed by credit card companies when a credit card or debit card is used to make payments for a transaction and your office's inability to alter statutorily prescribed fines, fees, and costs to absorb the amount of the service fee charges.
Section 215.322, Florida Statutes, sets forth the Legislature's intent to encourage "state agencies, the judicial branch and units of local government to make their services more convenient to the public and to reduce the administrative costs of government by acceptance of payments by credit cards, charge cards, and debit cards to the maximum extent practicable."[1] Subsection (5) of the statute states:
"A unit of local government, which term means a municipality, special district, or board of county commissioners or other governing body of a county, however styled, . . . and means anyclerk of the circuit court, sheriff, property appraiser, tax collector, or supervisor of elections, is authorized to accept payment by use of credit cards, charge cards, and bank debit cards for financial obligations that are owing to such unit of local government and to surcharge the person who uses a credit card,charge card, or bank debit card in payment of taxes, license fees,tuition, fines, civil penalties, court-ordered payments, or courtcosts, or other statutorily prescribed revenues an amountsufficient to pay the service fee charges by the financialinstitution, vending service company, or credit card company forsuch services. . . ."[2] (e.s.)
Thus, the plain language of the statute authorizes the clerk of court to accept a credit card, charge card, or bank debit card for financial obligations paid to the clerk and to add an amount sufficient to cover the cost of the service fee charges.[3]
Accordingly, the clerk of court may add a sufficient amount to cover the service fee charge when a credit card or debit card is accepted for payment of a financial obligation paid through the clerk's office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 215.322(1), Fla. Stat.
[2] Section 215.322(5), Fla. Stat., requires a unit of local government to verify both the validity of any credit, charge, or bank debit card used and the existence of appropriate credit for the person using the card.
[3] Cf., Op. Att'y Gen. Fla. 89-65 (1989), in which this office concluded that monetary appearance bond is not a financial obligation owed to a unit of local government within the contemplation of section 215.322, Fla. Stat., for which payment by credit card may be accepted.